# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CRAIG BRAZIER, | ) |
| Plaintiff, | ) |
| vs. | ) No. 2:10-cv-133-WTL-TAB |
| MRS. COZZI-RHODES, et al., | ) |
| Defendants. | ) |

## Entry and Order Directing Dismissal of Action

Craig Brazier sues prison personnel at the Federal Correctional Complex in Terre Haute, Indiana pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). Brazier's claim is that the defendants denied him constitutionally required medical care by delaying treatment for his glaucoma.

*Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers . . . ." *King v. Federal Bureau of Prisons,* 415 F.3d 634, 636 (7th Cir. 2005). A *Bivens* action brought in Indiana is subject to Indiana's 2-year statute of limitations for personal injury actions. *King v. One Unknown Federal Correctional Officer,* 201 F.3d 910, 914 (7th Cir. 2000); *Lewellen v. Morley*, 875 F.2d 118, 119 (7th Cir. 1988).

Based on Brazier's allegations, his claim accrued not later than February 5, 2010. This means that the statute of limitations expired two years later, not later than February 5, 2010. *Gonzales v. Wyatt,* 157 F.3d 1016, 1020 (5th Cir. 1998)("[t]he cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action"). The filing of Brazier's lawsuit on May 14, 2010, was 98 days after the statute of limitations had expired.

The foregoing is the basis of the defendants' motion to dismiss, which Brazier has not opposed. Of course, "complaints need not anticipate and attempt to plead around defenses." *U.S. v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004) (citing *Gomez v. Toledo,* 446 U.S. 635 (1980); *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623 (7th Cir. 2003)). Dismissal on statute of limitations grounds should only be granted where the "plaintiff pleads himself out of court by alleging facts sufficient to establish the

complaint's tardiness." *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674-75 (7th Cir. 2009) (citing *Hollander v. Brown*, 457 F.3d 688, 691 fn. 1 (7th Cir. 2006) ("a federal complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense")). That is the case here. Statutes of limitation are no less enforceable because some meritorious claims will fall by the wayside. "The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Order of R.R. Telegraphers v. Ry. Express Agency, Inc.,* 321 U.S. 342, 349 (1944).

Based on the above, therefore, the defendants' motion to dismiss [23] is **granted.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 03/08/2011

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana